White *v.* Moses.

---

## J. P. WHITE *et al.*, EXECUTORS, *v.* MOSES *et al.* (No. 2.)

AN executor's deed is not admissible in evidence of a sale of a testator's property, except upon preliminary proof of a compliance with the statutory provisions for sales by executors and administrators, or of an express power in the will authorizing the sale in the mode in which it appears by the deed to have been made.

Thus, in an action of ejectment by the executors of W. to recover from M. certain real estate devised by the testator, the defendant, for the purpose of showing an outstanding title, offered in evidence a deed of the property made by the executors to a third person, which deed recited that the executors were authorized by the will "to sell his (the testator's) property as therein mentioned and contained." No order of the Probate Court for the sale of the

property was shown, but the admissibility of the deed was rested upon its own recitals with proof of its execution : *Held*, that it was inadmissible; that from the recital alone, without the production of the will, it could not be concluded that the power to sell was given absolutely by the will; and that in the absence of proof of such a power in the will, the validity of the sale could only be established by proof of a compliance with the forms prescribed by statute for the sale of property by executors.

APPEAL from the Twelfth Judicial District.

The facts, except as they are stated in the opinion of the Court, are the same as in the preceding case of *E. A. White et al.* v. *Moses et al.*

*J. P. Treadwell*, for Appellants.

*Wm. W. Crane, Jr.*, for Respondents.

NORTON, J. delivered the opinion of the Court—COPE, J. concurring. .

This case differs in only one particular from that of E. A. White against the same defendants, which is decided at the same time with this.

On the trial of this action, the defendants offered to read in evidence a certified copy of a record of a deed of the premises in question, executed by these plaintiffs as executors to E. A. White, for the purpose, apparently, of showing an outstanding title in a third person, or title out of the plaintiffs. This evidence was ruled out upon the objection : first, that the loss of the original was not proved, and second, that the deed conveyed no title—the defendant not having shown the necessary preliminary steps to a sale and conveyance of the premises by the plaintiffs as executors. Without considering the sufficiency of the first objection, we think this ruling was correct under the second. By section one hundred and forty-eight of the "Act to regulate the Settlement of the Estates of Deceased Persons " it is provided, that " no sale of any property of an estate shall be valid unless made under order of the Probate Court. In the case of *Payne* v. *Payne* (18 Cal. 291) it was decided that a Surrogate's order was not necessary where a power to sell was given by the will. The deed in the case before us recites, that the exec-

utors were authorized by the will " to sell his (the testator's) property in California as therein mentioned and contained." It does not appear by this that they had an absolute power to sell. It may have been " mentioned and contained " in the will that the sale was to be under the circumstances and in the manner provided by law for sales by executors. In order to show that a sale by the executors without a Surrogate's order would have been valid to convey the title, it should have appeared by the production of the will that the power to sell was given absolutely. It is possible that the expression, " as therein mentioned and contained," is used as a designation of the lands authorized to be sold, and not as a designation of the mode and circumstances under which a sale might be made. But in the absence of any other guide to the meaning than the recital in the deed, we are not authorized to give it such a construction.

It is, therefore, ordered that the judgment be affirmed as to the defendants Moses and Wheaton, and reversed as to the defendants Banks and Winter, and that the Court below render a judgment in favor of Banks and Winter for their costs in the Court below, and that they also have execution for their costs on this appeal.